UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL JOHN BOJERSKI,

    Petitioner,

v.                                               Case No: 6:25-cv-2052-JSS-RMN

SECRETARY OF THE UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY and FIELD
OFFICE DIRECTOR OF THE
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT
IN MIAMI, FLORIDA,

    Respondents.
_____/

## ORDER

    Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) He requests his release from the custody of the United States Immigration and Customs Enforcement (ICE) because, he claims, "no legal basis exists for ICE to continue to maintain custody over" him. (*Id.* at 1.) Petitioner states that the December 27, 1968 final order of deportation from the Board of Immigration Appeals, under which he has been subject to an order of supervision, was effectuated in 1988 when he departed the United States and entered Canada. (*Id.* at 4–6,10 (citing 8 U.S.C. § 1101(g)).) Petitioner contends that accordingly, no order of deportation now exists and his custody under the order of supervision violates his constitutional rights. (*Id.*) In the petition, Petitioner conclusorily requests an expedited hearing in this case, (*see id.* at

1), and seeks the following relief: a "[d]eclar[ation] that [he] is currently detained in the custody of Respondents in violation of the Constitution and laws of the United States and . . . is being detained indefinitely without any means of recourse before any administrative agency," "temporary and permanent injunctive relief requiring Petitioner to be released from ICE's custody," "a declaratory judgment concluding that Petitioner is not currently subject to any 'order of deportation' as defined at 8 U.S.C. § 1101(a)(47)," and an award of "costs and reasonable attorney[] fees in this action as provided by 28 U.S.C. § 2412 or other statute," (Dkt. 1 at 11).

Although Petitioner titles his petition as containing a request for an expedited hearing, he furnishes no basis for this request. (*See id. passim*.) Petitioner notes that his next call-in appointment concerning the order of supervision is scheduled for October 30, 2025, and that during the appointment, he must "present travel arrangements and travel [documents] to depart the United States due to [his] removal order." (*Id.* at 8.) Petitioner does not, however, indicate when he is required to depart the United States and does not supply any further information about his request for an expedited hearing. (*See id. passim*.) Consequently, the request is denied without prejudice. If Petitioner wishes to renew his request for an expedited hearing, he shall do so in a motion that complies with the Local Rules by providing argument and authority in support of the request. *See* M.D. Fla. R. 3.01(a) (requiring a motion to contain "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request").

As for Petitioner's attempt to seek temporary injunctive relief, such relief is

- 2 -

appropriate only if the party moving for it satisfies four requirements: (1) that the claim underlying the request has "a substantial likelihood of success on the merits," (2) "that the . . . injunction is necessary to prevent irreparable injury," (3) "that the threatened injury outweighs the harm the . . . injunction would cause the other litigant," and (4) "that the . . . injunction would not be averse to the public interest." *Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014). Such an "injunction is an 'extraordinary and drastic remedy,' and [Petitioner] bears the 'burden of persuasion' to clearly establish all four of the[] prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). Additional requirements exist to grant temporary injunctive relief without notice to the adverse party. *See* Fed. R. Civ. P. 65(b). Petitioner does not attempt to allege or establish the four requirements. Additionally, he fails to comply with Local Rules 6.01 and 6.02, which govern requests for temporary and preliminary injunctive relief. Therefore, the court denies the request for temporary injunctive relief.

Accordingly:

1. Petitioner's request for expedited hearing is **DENIED without prejudice**.
2. Petitioner's request for temporary injunctive relief is **DENIED**.
3. The Clerk is **DIRECTED** to send a copy of this order, the petition (Dkt. 1), and all attachments to the petition
    a. **electronically** to the United States Attorney's Office in Orlando, Florida, and

b. by **certified mail** to (1) Kristi Noem, Secretary, Office of the General Counsel, United States Department of Homeland Security, 2707 Martin Luther King, Jr. Ave, SE, Washington, D.C., 20528-0485; and (2) Garrett Ripa, Miami Field Office Director, United States Immigration and Customs Enforcement, 865 SW 78th Avenue, Suite 101, Plantation, Florida, 33324.

4. Within sixty days after the date of service of process upon the United States Attorney, Respondents shall respond to the petition and show cause why the petition should not be granted.

**ORDERED** in Orlando, Florida, on October 28, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Office of the United States Attorney
400 W. Washington Street
Suite 300
Orlando, Florida 32801

Kristi Noem, Secretary,
Office of the General Counsel,
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, D.C., 20528

Garrett Ripa, Miami Field Office Director,
United States Immigration and Customs Enforcement
865 SW 78th Avenue
Suite 101
Plantation, Florida, 33324