UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL JOHN BOJERSKI,

     Petitioner,

v.                                      Case No: 6:25-cv-2052-JSS-RMN

SECRETARY OF THE UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY and
FIELD OFFICE DIRECTOR OF
THE UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT IN MIAMI,
FLORIDA,

     Respondents.

_____/

## ORDER

Petitioner initiated this immigration case requesting his release from the custody of the United States Immigration and Customs Enforcement through a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) However, according to the parties, Petitioner was subsequently released from custody on an order of supervision. (Dkt. 22.) As a result, the court ordered the parties to address whether it should dismiss this case for lack of subject matter jurisdiction. (*See* Dkts. 25, 27.) *See Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody."). Petitioner reports that a Form I-871 has been issued against him to reinstate a prior order of removal, and he argues that in light of his pending challenge regarding the form, this habeas case is not

moot even though Respondents have released him from custody. (Dkt. 26.) Further, Petitioner proposes that the court administratively close this case pending the resolution of his challenge and that during the administrative closure, Petitioner file regular status reports regarding the progress of the challenge. (*Id.*) In contrast, Respondents assert that the case is moot because Petitioner is no longer in custody, that Petitioner's arguments to the contrary rely on inapposite caselaw involving criminal sentencing, and that Petitioner may properly seek redress from the Eleventh Circuit as opposed to this court. (Dkt. 28.) Upon consideration, the court agrees with Respondents and thus dismisses this case without prejudice for lack of subject matter jurisdiction. (*See id.* at 6–7 ("Petitioner received all that he has asked this [c]ourt to do, release from custody, and the Eleventh Circuit action is a separate matter where he can challenge reinstatement of his removal order.").)

Petitioner bears the burden of establishing that his case is not moot. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022) (explaining that the "burden remains on the petitioner to establish that his case still presents a live case or controversy" (quotation omitted)). "[I]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quotation omitted). The purpose of a habeas action is to decide whether a person in custody can lawfully remain in custody. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923). Therefore, in the typical habeas case, "the proper respondent is the warden of the facility where the [person in custody] is

being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Because Petitioner is no longer being held in custody, this case is moot.  *See Djadju*, 32 F.4th at 1107 ("Since [the petitioner] already has been released from custody, his prayer for relief has been satisfied."); *Mehmood v. U.S. Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020) ("[The] petition for habeas corpus seeks relief from immigration detention, and that is relief [that the court] simply cannot provide because [the petitioner] is no longer detained . . . ."); *Dieianov v. Ripa*, No. 26-61082-CV-MIDDLEBROOKS, 2026 U.S. Dist. LEXIS 87572, at *3 (S.D. Fla. Apr. 21, 2026) ("Because [the p]etitioner has now been released, the relief he requests, relief from immigration custody, is now moot."); *Santander v. Mordant*, No. 2:26-cv-164-KCD-NPM, 2026 WL 685651, at *2, 2026 U.S. Dist. LEXIS 49698, at *3–4 (M.D. Fla. Mar. 11, 2026) ("[The petitioner] brought this case to contest his physical detention.  He is now out, leaving the petition moot.").

Accordingly:

1. This case is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**ORDERED** in Orlando, Florida, on April 30, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

- 4 -

Copies furnished to:

Counsel of Record